UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER MCDANIEL,
    *Plaintiff*,

v.

TOWN OF ENFIELD, *et al.*,
    *Defendants*.

No. 3:15-cv-01710 (JAM)

## ORDER DENYING MOTION FOR EXTENSION OF TIME

Plaintiff has moved for an extension of time to disclose his experts and their expert reports. Because plaintiff has failed to show good cause as required by the Court's local rules for an extension of time, the Court will deny the motion.

### BACKGROUND

Plaintiff Christopher McDaniel filed this lawsuit in November 2015 contending that police officers in the Town of Enfield used excessive force on him during the course of an encounter he had with the police in December 2013. Almost one year ago, the parties filed a Rule 26(f) report on January 11, 2016, stating timeframes for their disclosure of experts and expert reports, including that plaintiff would makes such disclosures by January 1, 2017. Doc. #19 at 7. The Court approved the report on January 20, 2016, and it advised the parties that "the Court is unlikely to grant an extension of any of the dates for discovery and motions set forth in this scheduling order." Doc. #22.

On December 29, 2016, plaintiff moved for a 45-day extension of time to disclose his experts and their expert reports. Doc. #54. According to plaintiff, he intends to disclose two experts, a former police chief and a doctor. Plaintiff states that "good cause" exists for his extension request, because counsel "has consulted with [the former police chief], who, despite his best efforts, cannot reasonably prepare the report by the January 1, 2017 discovery deadline."

*Id.* at 2. Counsel further states that he has "requested an expert report" on some unspecified date from the doctor "to opine on the Plaintiff's injuries," but such "report will not be ready until after the January 1, 2017 discovery deadline as the Plaintiff is presently incarcerated." *Ibid.* No other facts are adduced to support the request for an extension of time.

## DISCUSSION

A motion for extension of time requires a showing of "good cause," which means "a *particularized* showing that time limitation in question cannot reasonably be met *despite the diligence of the party seeking the extension*." D. Conn. L. Civ. R. 7(b)(2) (emphasis added). Plaintiff's motion makes no effort to show diligence. The motion makes no showing why plaintiff—despite having nearly a year to do so—was unable to identify his experts and to make the required expert disclosures. The fact that plaintiff's motion has been filed at the very last moment before the January 1 deadline is also a telltale sign that plaintiff did not act with diligence in the first place to meet the deadline.

Local Rule 7(b)(3) requires a motion for extension of time to indicate whether the opposing party consents to the requested relief or to state that "despite diligent effort, [the moving party] cannot ascertain opposing counsel's position." Here, plaintiff's motion does not satisfy this requirement. Instead, plaintiff's motion states quite cryptically that "Plaintiff's Counsel has inquired of opposing counsel, who was unable to object or consent at the present time." Doc. #54 at 2.

When the parties to a lawsuit propose scheduling dates in a Rule 26(f) report and the Court adopts the parties' proposed scheduling dates, it is not too much to ask that counsel take these dates seriously. The dates set forth in a scheduling order are not mere guidelines or suggestions. The dates are not subject to unilateral postponement by counsel as convenience

might beckon or as absence of foresight and planning might seem at the last moment to make necessary.

And if counsel seeks to postpone the scheduling dates, then counsel should be prepared to comply with the Court's requirement to show particularized good cause. If counsel can show that, despite having diligently taken appropriate advance planning measures, there are unavoidable and unforeseen reasons that prevent counsel from meeting a scheduling deadline, then the Court will not hesitate to grant an extension of time. On the other hand, if counsel files a motion that does little or nothing to show that counsel planned and took reasonable measures to comply with the deadline, then the motion for extension of time will not ordinarily be granted.

## CONCLUSION

Plaintiff's motion for extension of time (Doc. #54) is DENIED for failure to show good cause why an extension of time is warranted.

It is so ordered.

Dated at New Haven, Connecticut this 30th day of December, 2016.

 /s/ *Jeffrey Alker Meyer*
 Jeffrey Alker Meyer
 United States District Judge